IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30191
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD JOSEPH FAVORS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-60045-1
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald Joseph Favors, Jr., pleaded guilty to possession with intent to distribute over 50 grams of cocaine base. The district court granted Favors an out-of-time appeal. On appeal he contends that the district court erroneously included the quantities of three prior drug purchases as part of the relevant conduct for sentencing purposes. This court reviews for clear error the district court's determination of what constitutes relevant conduct. United States v. Wall, 180 F.3d 641, 644 (5th Cir. 1999). The district court's drug-quantity determination is

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also reviewed for clear error.  <u>United States v. Torres</u>, 114 F.3d 520, 527 (5th Cir. 1997).

Favors bought cocaine base from the same source on four occasions within four months, including the incident to which he pleaded guilty.  The purpose of the conduct and mode of operation were similar in each instance.  The district court did not commit clear error in considering these purchases relevant conduct for sentencing purposes.  <u>See</u>, <u>e.g.</u>, <u>United States v. Ocana</u>,  204 F.3d 585, 589-90 (5th Cir.), <u>cert denied</u>, 121 S. Ct. 192 (2000) (unlawful conduct within one year was relevant); <u>United States v. Bethley</u>, 973 F.2d 396, 400-401 (5th Cir. 1992) (drug purchases from same source within six months constituted relevant conduct).  The district court correctly relied on the Presentence Report for the factual basis of the relevant-conduct determination and for the drug-quantity calculations.  <u>See</u> <u>United States v. Puig-Infante</u>, 19 F.3d 929, 943 (5th Cir. 1994) (court may rely on Presentence Report absent rebuttal evidence).

The sentence imposed by the district court was not in violation of law, the result of an incorrect guideline application, or a departure from the applicable guideline range.  <u>United States v. Vital</u>, 68 F.3d 114, 117 (5th Cir. 1995).  It is AFFIRMED.